IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 06 CR 735 |
| ) | USCA No. 08-2803 |
| RANDY STEWART, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM

Randy Stewart ("Stewart") has filed (1) a Notice of Appeal ("Notice") from his conviction (based on a blind plea of guilty to both counts of the indictment) and sentence, coupled with (2) a motion to proceed on appeal in forma pauperis ("Motion"). By an unpublished order issued on August 11, our Court of Appeals has caused the Motion to be transferred to this Court for ruling (Stewart had mistakenly filed the Motion in the Court of Appeals).

Although Stewart has not complied with the 28 U.S.C. §1915(a)(2)[1] requirement that he provide a certified copy of his trust fund account statement for the six-month period immediately preceding the filing of the Notice, the case manager at the Chicago Metropolitan Correctional Center (where Stewart is in custody) has certified that the average monthly deposit to that account during that six-month period came to $662.59. Under

---

[1] All further references to Title 28's provisions will simply take the form "Section--."

Section 1915(b)(1) Stewart would have to pay 20% of that amount--$132.52--as the initial partial payment toward the $455 in aggregate appellate filing fees, with the balance to be paid in future installments under Section 1915(b)(2).

But for the reason stated in this Court's August 7, 2008 memorandum, it is loath to impose that burden on Stewart. As that memorandum reflects, Stewart's initiation of his current appeal "plainly reflects a misunderstanding or failure of recollection (or both) on Stewart's part." Every ground for appeal that Stewart sets out in the Notice focuses on the assertedly inadequate representation by his District Court counsel Phil Turner ("Turner") in having purportedly waived Stewart's appellate and Section 2255 rights in a plea bargain that Stewart says was negotiated by Turner. But no such waiver ever took place: As stated earlier, Stewart instead entered a blind plea--one without any agreement with the government--so that his right to appeal on substantive grounds was left unimpaired.[2]

Stewart's mischaracterization of the situation in the Notice has left matters muddled. No substantive argument that might be advanced on appeal has been identified in the Notice--instead Stewart complains only of the nonexistent waiver of his rights.

---

[2] As this Court always does at the conclusion of a sentencing hearing, it advised Stewart of his right to appeal.

2

Under those circumstances Stewart's appeal would have to be regarded as frivolous in the legal sense, so that in forma pauperis status should be denied, and this Court so rules. Stewart is advised, however, that he may present the issue of in forma pauperis status to the Court of Appeals.[3]

                                                   /s/ William D. Shadur
                                 Milton I. Shadur
                                 Senior United States District Judge

Date: August 20, 2008

---

[3] In fairness to Stewart, it should be noted that the Notice was dated July 30 and appears to have been filed in the Court of Appeals on August 1, while the memorandum by this Court was necessarily issued several days later (on August 7). Nothing has been received from Stewart since that date to reflect whether he now understands the situation fully.